UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME SWEEZER,

        Plaintiff,

v.

DEBRA SCUTT, ET AL.,

        Defendants.

_____/

Case No. 11-12351

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL J.
HLUCHANIUK

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [10]**

Before the Court is Defendants' Motion to Dismiss [10], filed on September 6, 2011. On August 3, 2012, the Magistrate Judge issued a Report and Recommendation [28] recommending that the court grant Defendants' motion. Plaintiff filed objections [29] on August 20, 2012. Defendants' filed a response to these objections [30] on August 23, 2012. Plaintiff filed a reply [31] on September 6, 2012.

For the reasons stated below, the Report and Recommendation is ADOPTED in part. Defendants' Motion to Dismiss is GRANTED in part, and DENIED in part.

**Factual Background**

The Magistrate Judge's Report and Recommendation provides a detailed factual background of this case. However, Plaintiff's "Objection 1" takes issue with eight(8) separate facts as articulated by the Magistrate Judge. Because the Court reviews Defendants' dispositive motion *de novo*, the Court accepts Plaintiff's facts as stated in his complaint as true. Apart from Plaintiff's specific rearticulations of fact, the Court adopts the Magistrate Judge's facts within the Report and Recommendation as the factual findings of the court.

**Standard of Review**

This Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(C). Making some objections to a Magistrate Judge's Report and Recommendation, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006).

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239 (6th Cir. 2012.). Further, in determining whether a complaint sets forth a plausible claim, a court may consider not only the allegations, but "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratee Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005), citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir.2001).

**Analysis**

**I. Due Process**

Plaintiff objects, asserting that his due process rights under the Fourteenth Amendment were violated when Defendants King and Coggins destroyed his property as a retaliatory action, while his related grievances were pending and unresolved. Plaintiff also objects based on Defendants' allegedly falsified notice to destroy.

As the Magistrate Judge stated within the Report and Recommendation, "in order for plaintiff to claim deprivation of property by a state actor without the due process of law, 'the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.' *Victory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983)." This showing of inadequacy is not required where plaintiff alleges that the state procedure itself, when followed appropriately, does not provide sufficient due process. *Mitchell v. Fankhauser*, 375 F.3d 477, 482-83 (6th Cir. 2004) (citations omitted). However, when plaintiff alleges that the state procedure at issue was not implemented properly thereby depriving plaintiff of due process, as Plaintiff does here, proof of inadequacy is required. *Id.*

As also noted by the Magistrate Judge, Plaintiff's objection based on retaliation is irrelevant to Plaintiff's Fourteenth Amendment claim, and is more appropriately addressed under Plaintiff's First Amendment claim.

Plaintiff states that he has exhausted state remedies by filing and appealing his grievances, as well as requesting declaratory judgment from the Michigan Department of Corrections. However, as the Magistrate Judge asserted, the Sixth Circuit has held that there are other adequate post-deprivation remedies available to Plaintiff, including civil actions to recover property and to receive damages. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). The Sixth Circuit has also held that "the unauthorized negligent or intentional deprivation of [plaintiff's] property does not rise to the level of a violation of due process." *Keenan v. Marker*, 23 Fed. Appx. 405, 407 (6th Cir. 2001).

Therefore, while the factual allegations in Plaintiff's objection may point to a possible misapplication of the grievance process, these facts do not make a showing that other available state remedies are inadequate. As such, Plaintiff has failed to show a right to relief on his Fourteenth Amendment claim, and it must be dismissed.

**II. Denial of Access to Courts**

Plaintiff's objection is that by prohibiting his access to his legal documents and six-month financial statement, Defendant Coggins inhibited Plaintiff from timely and adequately responding to a pending legal matter, including the filing a motion of reconsideration in order to seek post-conviction remedy. Plaintiff argues that his inability to file this motion precluded him from addressing the court and correcting the record, after the court had denied him relief.

As the Magistrate Judge stated:

> Prisoners have a constitutional right of meaningful access to the courts to attack their sentences or challenge conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To state a claim under § 1983, the prisoner must allege that he was actually denied adequate access to the courts. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). []To meet this requirement, a plaintiff must show that the actions of the prison officials 'hindered the prisoner's efforts to pursue a nonfrivolous claim.' *Horacek v. Seaman*, No. 2:08-CV-10866, 2009 U.S. Dist. LEXIS 82451, at *13 (E.D. Mich. Aug. 20, 2009). To state a claim for denial of access to the courts, a prisoner must also demonstrate actual prejudice to pending or contemplated litigation. *Lewis*, 518 U.S. at 351. Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Id.*; *Walker*, 771 F.2d at 932.

Plaintiff asserts that a legal hearing officer determined that his legal documents were authorized excess property, which he is permitted to possess. Plaintiff also asserts that possession of these legal documents would have allowed him to timely reply to the state court.

Here, the Court agrees with Plaintiff; Plaintiff allegations that Defendant Coggins denied Plaintiff possession of later authorized legal documents during the course of on-going litigation are sufficient. Therefore, the Court denies Defendants' Motion to Dismiss as to Plaintiff's denial of access to court claim.[1]

---

[1]As discussed below, Plaintiff's claims of impermissible retaliation also underlie Plaintiff's claim of denial of access to courts. *See infra* p. 13. As such, Plaintiff's denial of

4

### III. Cruel and Unusual Punishment

Plaintiff's fourth listed objection states that his claim of cruel and unusual punishment under the Eight Amendment is not based upon allegations of Defendants' verbal harassment or denial of hygiene products. Instead, Plaintiff argues that his claim is rooted in Defendants' deliberate and malicious conduct in throwing away his "treasured family heirlooms," including photographs of loved ones. Plaintiff argues that this conduct constitutes intentional infliction of emotional distress.

As the Magistrate Judge stated, if the alleged unconstitutional conduct is not a criminal punishment,

> then it must reflect an 'unnecessary and wanton infliction of pain' to come within the Eighth Amendment's prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977), quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Such claims must satisfy both an objective and a subjective test. *Farmer [v. Brennan*, 511 U.S. 825], 834 [(1994)]; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). First, the deprivation alleged must be, objectively, sufficiently serious. *Farmer*, 511 U.S. at 833. '[E]xtreme deprivations are required . . . and only deprivations denying the minimal civilized measure of life's necessities are grave enough to create a violation of the Cruel and Unusual Punishment Clause.' *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citations and internal quotation marks omitted). Second, the prisoner's pain must be wantonly inflicted and unnecessary, and the prison official must have a deliberately indifferent state of mind to the inmate's health or safety. *Farmer*, 511 U.S. at 833.

The Eight Amendment is primarily concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).

While Plaintiff asserts factual allegations showing some intentional conduct by Defendants in the withholding and destruction of property, as well as some emotional distress, Plaintiff fails to

---

access to courts claim meets the three-step retaliation inquiry: (1) plaintiff has a constitutionally protected right to accessing the courts; (2) denial of such a right is an adverse action; and (3) intent and motive may be established by circumstantial and temporal evidence as alleged by Plaintiff. *See supra* p. 5-6; *see infra* p. 8-10; 13.

meet the objective standard of extreme deprivation of a necessity. Therefore, Plaintiff's Eight Amendment claim must be dismissed.

## IV. First Amendment Retaliation

Here, Plaintiff's objection is that his protected conduct in fact occurred before retaliatory action was taken by Defendants Coggins and King. Specifically, Plaintiff contends that on August 13, 2011, he verbally informed Defendant King of his intention to file a grievance concerning Plaintiff's withheld property; on August 14, 2011, Plaintiff filed said grievance; on August 16, 2011, Plaintiff verbally informed Defendant Coggins of his intent to filed a grievance concerning Plaintiff's withheld personal hygiene and legal documents and filed this grievance on the same day; on August 24, 2011, Plaintiff wrote a letter to Deputy Ford concerning his personal hygiene and legal documents. Plaintiff then submits that Defendants Coggins and King retaliated against him, due to his filing of grievances, by throwing away his property on November 14, 2012, as well as sending him a Notice of Intent to Destroy on September 2, 2010, the same day he was to have a hearing on the matter, among other retaliatory actions.

In order to establish a claim of First Amendment retaliation, plaintiff must show that: (1) plaintiff's conduct is protected by the Constitution or statute; (2) defendant took adverse action against plaintiff; and (3) that this adverse action was motivated, at least in part, because of plaintiff's exercise of the Constitutional or statutory right. *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-87; 394 (1999).

"An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, only the filing of non-frivolous grievances is protected under this right. *Id*. Therefore, Plaintiff's conduct in filing these grievances is protected, in so far as his grievances have merit.

6

As for the second step, "an adverse action is one that would "deter a person of ordinary firmness" from the exercise of the right at stake." *Thaddeus*, 175 F.3d at 396. At the same time, "an act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Bloch v. Ribar*, 156 F.3d 673, 681-82 (6th Cir. 1998).

The causal link between plaintiff's protected conduct and defendant's adverse action required by the third step in part depends on defendant's intent and motive in taking the adverse action. *See King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). "The causation analysis in retaliation claims employs a two-step burden-shifting framework. [Plaintiff] must first establish that his protected conduct was a motivating factor behind any harm. The burden then shifts to the [defendants] to show that they would have taken the same action in the absence of protected activity." *Id.* (internal citations and quotation marks omitted). Because of the difficulty of proving motive and intent, circumstantial evidence and temporal proximity may be used to establish causality. *Id.* at 695-96.

Here, Plaintiff has shown that he was taking part in Constitutionally protected conduct when filing some meritorious grievances for the withholding of his property. Given that the alleged retaliatory conduct occurred after Plaintiff took part in this conduct, Plaintiff has presented some factual allegations linking his protected conduct with the adverse action. Therefore, the Court denies Defendant's Motion to Dismiss as to the First Amendment retaliation claim.

**V. Personal Involvement**

In Plaintiff's sixth objection, he asserts that Defendant Scutt intentionally acted in violation of Plaintiff's Constitutional rights by sanctioning the conduct of Defendants Coggins and Scutt. Plaintiff specifically alleges Scutt allowed Coggins and King to destroy Plaintiff's property as well as to issue a notice of intent with a fraudulent date. Finally, Plaintiff alleges that Defendant Scutt

7

was personally involved in the deprivation of Plaintiff's Constitutional rights by failing to consider an email written to Defendant Scutt, on Plaintiff's behalf, by the organization American Friends Service Committee.

As Plaintiff himself notes in his objection, in order to state a claim of supervisory liability under § 1983, plaintiff must show that the alleged stated actor at minimum implicitly and knowingly allowed the unconstitutional behavior at issue. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also King*, 680 F.3d at 696. Plaintiff must allege that the supervisor's conduct resulted from more than a mere failure to act. *Id.*; *see also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Plaintiff's only factual allegation showing Defendant Scutt's possible knowledge of the Constitutional deprivations at issue is the email sent by American Friends Service Committee. Defendant Scutt's failure to respond or act on this knowledge is insufficient to render Defendant liable. As such, Plaintiff's claims against Defendant Scutt are dismissed.

## VI. Effective Grievance Procedure

Plaintiff's objection here is that Defendants McMillan and Cooper, deprived Plaintiff of his First Amendment right to "petition the government for a redress of grievance." Specifically, Plaintiff alleges that Defendant McMillan failed to process important grievances; improperly processed others; and attempted to discourage Plaintiff from filing grievances by failing to send grievance responses. Plaintiff also alleges that Defendant Cooper did not respond to Plaintiff's grievances in a timely manner and failed to properly investigate one of these grievances.

While Plaintiff has a Constitutionally protected right to file grievances against prison officials, *Herron*, 203 F.3d at 415, Plaintiff does not have a right to an effective prison grievance

8

procedure. *Keenan,* 23 Fed. Appx. at 407 (citation omitted). "[I]nmate grievance procedures are not constitutionally required in state prison systems, therefore, any failure on the part of defendants to follow grievance procedures does not give rise to a § 1983 claim." *McGee v. Grant*, 863 F.2d 883 (6th Cir. 1988); *see also Bowers v. Raney*, 1998 U.S. App. LEXIS 31937, at *4 (6th Cir. Dec. 21, 1998).

Therefore, Plaintiff's allegations against Defendants pertaining to an ineffective grievance procedure fail to state a claim under § 1983 and are dismissed.

## VII. Qualified Immunity

Plaintiff's eighth and last objection asserts that because Defendants actions were "rooted in retaliation," Defendants are not protected by qualified immunity.

As the Magistrate Judge states,

> [t]he doctrine of qualified immunity means that '[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendants bear the burden of pleading qualified immunity, but plaintiff bears the burden of showing that defendants are not entitled to qualified immunity. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002).

A claim negating defendants' right to qualified immunity must meet a two part test: (1) whether defendant's conduct violated a constitutional right and; (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The two factors need not be considered in order. *Pearson v. Callahan*, 555 U.S. 223, 236-37 (2009). If plaintiff's allegations meet both factors, then qualified immunity is inapplicable as to defendants.

As discussed above, Plaintiff's claims surviving Defendants' motion to dismiss are the claim of First Amendment retaliation as well as the claim of denial of access to courts under § 1983. Plaintiff has made sufficient showing of a right to relief as to both of these Constitutional claims.

9

Underlying both claims is an allegation of intentional and knowing retaliatory conduct by Defendants Coggins and King. An officer would not reasonably believe that such adverse conduct complies with the law. *See Pearson*, 555 U.S. at 244-45.

In Plaintiff's remaining claims not yet addressed by the Court, particularly those claims pertaining to Defendant McGill, Plaintiff has failed to plead with particularity as to what Constitutional rights may be at issue. Specifically, Plaintiff claims that Defendant McGill damaged his property and transferred this property to another correctional facility. Plaintiff makes no factual allegations showing that Defendant McGill's conduct was retaliatory, or causally linked to Plaintiff's Constitutionally protected rights. Nor does Plaintiff show that McGill's conduct deprived Plaintiff of any other Constitutional right. Therefore, these claims must be dismissed under the doctrine of qualified immunity.

**Conclusion**

The Court having reviewed the record in this case, the Report and Recommendation [28] of the Magistrate Judge is hereby **ADOPTED** in part.  Defendants' Motion to Dismiss [10] is **GRANTED** as to Plaintiff's Due Process; Cruel and Unusual Punishment; and ineffective grievance procedure claims, and as to Defendants Scutt, McGill, Cooper, and McMillan. Defendants' Motion to Dismiss [28] is **DENIED** as to Plaintiff's claims of denial of access to courts and First Amendment retaliation, pertaining to Defendants King and Coggins.

    **SO ORDERED.**

                                  s/Arthur J Tarnow
                                  Arthur J. Tarnow
                                  Senior United States District Judge

Dated: September 28, 2012